UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RACHEL BURD,

    Plaintiff,

v.

BANK OF NEW YORK MELLON,

    Defendant.

Case No. 2:13-cv-00705-KJD-NJK

**ORDER**

    Before the Court is Defendant Bank of New York Mellon's Motion to Dismiss (#6). Plaintiff filed a response in opposition (#9) to which Defendant replied (#10).

<u>I. Background</u>

    On December 23, 2005, Plaintiff signed a deed of trust and promissory note for $241,950 in favor of Republic Mortgage, LLC dba Republic Mortgage in connection with real property located at 213 Silver Rings Avenue, North Las Vegas, NV 89031. The deed of trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and North American Title Company as the trustee.

///

On March 23, 2010, MERS executed a Corporation Assignment of Deed of Trust and assigned the deed of trust to Defendant Bank of New York Mellon. Def. Mot. to Dis., Ex. B. Defendant named ReconTrust Company, N.A. ("ReconTrust") as the new trustee on the same day. Def. Mot. to Dis., Ex. C. On March 24, 2010, ReconTrust recorded Plaintiff's payment default in a notice of default/election to sell. Def. Mot. to Dis., Ex. D. On September 17, 2010, ReconTrust recorded the notice of trustee's sale and a Nevada foreclosure mediation certificate, which indicated that Plaintiff either waived or did not request mediation. Def. Mot. to Dis., Ex. F, E. Three months later, the home was foreclosed and ReconTrust recorded a trustee's deed upon sale on December 30, 2010. Def. Mot. to Dis., Ex. G.

On February 4, 2013, Plaintiff filed her complaint. Defendant then filed this Motion to Dismiss for failure to state a claim (#6).

II. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 41(b) states that if a plaintiff "fails to . . . comply with these rules . . . a defendant may move to dismiss the action or any claim against it." When a motion to dismiss is made, the Court must construe the facts in the light most favorable to the non-moving party. Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Ashcroft v. Iqbal requires a two-prong analysis of the pleading when considering a motion to dismiss. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. Plausibility, in the context of a motion to dismiss, means that a plaintiff has pled facts which allow "the court to draw the reasonable inference

///

that the defendant is liable for the misconduct alleged." Id. at 1949. If the allegations state non-conclusory, plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

Cases of fraud, however, have a heightened standard of pleading, wherein parties must state a claim "with particularity." FED. R. CIV. P. 9(b). This standard requires the party alleging fraud to state "the who, what, when, where, and how of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and internal quotation marks omitted). This heightened standard serves several purposes, such as:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

Id. (quoting In re Stac Elecs. Sec Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) (citation and alterations omitted)).

III. Analysis

Plaintiff filed a *pro se* complaint which, under the direction of the Supreme Court, "is to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). This Court accordingly recognizes the following potential allegations in the complaint: (1) securitization, (2) violation of the pooling and servicing agreement ("PSA"),  (3) quiet title, and (4) misrepresentation and fraud. However, Plaintiff states on pages three and four of the Response to the Motion to Dismiss (#9) that she "makes no mention to securitization playing any role other than possible motive for misrepresentation[,] . . . . in no way mention[s] or assert[s] the PSA[,] . . . . [and] never mentions or motions to 'quiet title'." Accordingly, this Court considers only Plaintiff's allegations of misrepresentation and fraud.

///

///

3

A. Fraud Generally

Even construing Plaintiff's *pro se* complaint liberally, Plaintiff fails to state a fraud claim with particularity as required by Federal Rule of Civil Procedure 9(b). The Supreme Court has held that "the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957). Plaintiffs typically accomplish this by providing a short and plain statement identifying the alleged claims, the relief sought, and how the court has jurisdiction, as outlined under Rule 8(a). FED. R. CIV. P. 8(a). However, Rule 9(b) states that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P 9(b).

Plaintiff argues that Rule 8 is the appropriate pleading standard for the present case. However, the cases Plaintiff cites to support her argument do not involve fraud or mistake allegations. Allegations of mistake and fraud, like those alleged by Plaintiff, are governed by the higher particularity standard of Rule 9(b). This particularity standard requires the party alleging fraud to "set forth more than the neutral facts necessary to identify the transaction" and state "the who, what, when, where, and how of the misconduct charged." Kearns, 567 F.3d at 1124 (citations and internal quotation marks omitted).

On page two of the complaint, Plaintiff alleges that: "Affiant had a justified reliance on truthfulness of ownership and proper assignments which was misrepresented by defendant's account of ownership beneficiary though endorsements, assignments, Notice of Default and Notice of Trustee sale." Plaintiff does not provide any additional information in the complaint about Defendant's misrepresentation. To satisfy the particularity standard of Rule 9(b), Plaintiff must do more than make a broad allegation that Defendant misrepresented endorsements, assignments, and notices. Plaintiff must allege a specific misrepresentation and state "the who, what, when, where, and how" of the misrepresentation to properly state a claim of fraud. Id. Plaintiff has not provided circumstances sufficient to meet the particularity requirement outlined in Rule 9(b) and Kearns.

///

///

B. Standing to Foreclose

In foreclosure cases, fraud may affect a party's standing to foreclose if there is fraud in the assignments or notes. In order to have standing to foreclose on a home in Nevada, the same entity must be both the current beneficiary of the deed of trust and the current holder of the promissory note. Edelstein v. Bank of N.Y. Mellon, 286 P.3d 249, 255 (Nev. 2012). In Edelstein, the Nevada Supreme Court held that, in the event that a promissory note is transferred, the current note holder is identified using the Restatement approach, which states that a promissory note and deed of trust are automatically transferred together unless the parties agree otherwise. See Id. at 257-258, 260. When a subsequent lender seeks to enforce a note, it must present evidence showing endorsement of the note either in its favor or in favor of its servicer. Id. at 261.

In Exhibits A-G filed with Defendant's Motion to Dismiss (#6)[1], MERS is listed as the initial beneficiary on the Deed of Trust. MERS assigned the Deed of Trust to Defendant through a Corporation Assignment of Deed of Trust. Defendant named ReconTrust as the new trustee, who, acting as an agent for Defendant, proceeded with the foreclosure process. These documents outline a clear line of succession from MERS, the original beneficiary of the deed of trust and promissory note holder, to Defendant, who appears to be the current beneficiary and note holder. Accordingly, Defendant appears to have standing to foreclose under Edelstein.

To establish a claim that Defendant does not, in fact, have standing to foreclose in the present case, Plaintiff would need to allege (1) that there is fraud in the assignments and (2) that the deed beneficiary and holder of the promissory note are different entities. Plaintiff, however, fails to meet the particularity requirements to state a fraud claim and thus fails to allege a foreclosure standing claim.

---

[1] This Court takes judicial notice of the Exhibits, which are comprised of the original deed of trust, the Corporation Assignment of Deed of Trust, substitution of trustee, notice of default/election to sell, foreclosure mediation program certificate, notice of trustee's sale, and trustee's deed upon sale, all of which have been recorded in Clark County, thus satisfying Federal Rule of Evidence 201(b)(1). Taking judicial notice of documents under Federal Rule of Evidence 201(b)(1) does not convert this Motion to Dismiss into a motion for summary judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001).

C. Wrongful Foreclosure

Apart from the potential allegations recognized previously by this Court, any additional allegations in Plaintiff's complaint are unclear. For example, on page four of the response, Plaintiff states that: "The Plaintiff meanwhile argues that the 'collateral' being held in a trust and satisfied, then moved for execution." On page three of the complaint Plaintiff also states that: "The property was sold at a foreclosure sale on executing the previously satisfied collateral whilst further Discovery reveals proof of satisfaction of Trust coupled with repeated attempts through falsified assignments prior to actual sale date." The Court, however, continues to construe Plaintiff's *pro se* complaint liberally. Although not entirely apparent, Plaintiff's fraud allegations possibly suggest an underlying issue of wrongful foreclosure.

In order to maintain a tort claim of wrongful foreclosure in Nevada, Plaintiff must show, among other things, that she was not in default at the time of foreclosure. See Collins v. Union Fed. S&L Ass'n, 99 Nev. 284, 304 (Nev. 1983). Plaintiff does not allege in the complaint that she was not in default. Therefore, Plaintiff fails to state a claim of wrongful foreclosure.

IV. Amendment

Over the course of Plaintiff's complaint, Plaintiff has failed to state a claim of fraud, standing to foreclose, or a wrongful foreclosure. However, in light of the *pro se* nature of the complaint, this Court will allow Plaintiff to file an amended complaint within fourteen (14) days of the entry of this order. The amended complaint must state either a fraud claim that satisfies the particularity requirement of Federal Rule of Civil Procedure 9(b) or a wrongful foreclosure claim that fulfills the plausibility standard outlined by Twombly.

This Court reminds Plaintiff that the amended complaint will be subject to Federal Rule of Civil Procedure 11. Rule 11 places on Plaintiff the burden of conducting a reasonable inquiry into the facts and the law before filing. Bus. Guides, Inc. v. Chromatic Communs. Enters., 498 U.S. 533, 551 (1991). If Plaintiff submits an amended complaint that a reasonable inquiry into the facts would have

///

revealed to be without merit, Plaintiff may be subject to the sanctions outlined in Rule 11(c), including monetary sanctions. See Id. at 550.

V.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Bank of New York Mellon's Motion to Dismiss (#6) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint satisfying the particularity requirement of Rule 9(b) or plausibly allege wrongful foreclosure in response to the Court's order within fourteen (14) days of the entry of this order.

DATED this 12th day of June 2013.

_____
Kent J. Dawson
United States District Judge