1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8              **DISTRICT OF NEVADA**
9
10   RACHEL BURD,
11          Plaintiff,                    Case No. 2:13-CV-00705-KJD-NJK
12   v.                                   **ORDER**
13   BANK OF NEW YORK MELLON,
14          Defendant.

15
16          Before the Court is Defendant Bank of New York Mellon's ("Defendant") Motion to Dismiss
17   (#14). Plaintiff Rachel Burd responded (#17) and Defendant replied (#18).
18   I. Procedural History
19          On June 12, 2013, this Court dismissed Plaintiff's claims under Federal Rule of Civil
20   Procedure 12(b)(6), but granted Plaintiff leave to file an amended complaint which "satisfies the
21   particularity requirement of Federal Rule of Civil Procedure 9(b) or a wrongful foreclosure claim that
22   fulfills the plausibility standard outlined by Twombly." (#11). In short, because of Plaintiff's pro se
23   status, the Court explicitly outlined the standards and elements required, explained why Plaintiff
24   failed to meet those standards and elements, and then gave Plaintiff the opportunity to file an
25   amended complaint. Plaintiff then filed her First Amended Complaint (#13).
26   ///

II. Analysis

Plaintiff either will not or cannot satisfy the pleading requirements under either Federal Rule of Civil Procedure 8 or 9. In fact, Plaintiff insists on using Rule 8 as the relevant standard, despite the Court's lengthy explanation as to why Rule 9 governs her misrepresentation claims. Having already exhaustively explained the standards and elements required in its previous Order (#11), the Court declines to do so again. Plaintiff's complaint has changed little, and wholly fails to meet the standards articulated by the Court for the same reasons set out in the Court's previous Order (#11).

III. Conclusion

Defendant's Motion to Dismiss (#14) is **HEREBY GRANTED**.

DATED this 17th day of September 2013.

_____
Kent J. Dawson
United States District Judge